## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cr-0013** |
| | ) | |
| **TIMOTEO UPIA-FRIAS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### ORDER

**THIS MATTER** comes before the Court on Timoteo Upia-Frias' ("Upia-Frias") unopposed Motion by Defendant Consenting to Appear via Video Tele-Conference at the Sentencing Hearing. (ECF No. 57.) The United States does not object to the motion. For the reasons stated below, the Court will grant Upia-Frias' motion.

On July 15, 2021, a federal grand jury returned a one-count Indictment charging Upia-Frias with Reentry of a Removed Alien, in violation of 8 U.S.C. § 1326(a) and (b)(2). Thereafter, on October 6, 2022, the Court accepted Upia-Frias' plea of guilty to count one in the Indictment. Upia-Frias' sentencing hearing is currently set for June 9, 2022.

On June 2, 2022, Defendant Upia-Frias filed a motion requesting that the Court hold the sentencing hearing by video teleconference. On even date, Upia-Frias filed a Waiver of Presence at Sentencing Hearing and Consent to Appear via Video Teleconference. (ECF No. 57-1.)

Federal Rule of Criminal Procedure 43 requires that a "defendant must be present at . . . sentencing." Fed. R. Crim. P. 43(a)(3). Nevertheless, in light of the COVID-19 pandemic, Congress provided certain circumstances under which a sentencing may be conducted by videoconference. On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The Act was signed into law by the President of the United States that same day. Among its many provisions, the CARES Act authorizes district courts to use videoconferencing to hold felony sentencings under appropriate circumstances and with the consent of the defendant after consultation with counsel. *See* CARES Act,

§ 15002(b)(2), H.R. 748, 248-49; *id.* § 15002 (b)(4) ("Video teleconferencing . . . authorized under paragraph . . . (2) may only take place with the consent of the defendant . . . after consultation with counsel."). Specifically, the following three conditions must be met: (1) the Judicial Conference of the United States must "find[] that emergency conditions due to the national emergency declared by the President . . . with respect to the [COVID-19] will materially affect the functioning of [] the Federal courts generally;" (2) the chief judge of a district court covered by that finding must "specifically find[] . . . that . . . felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety;" and (3) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *See id.* § 15002(b)(2).

On April 9, 2020, the Chief Judge of the District Court of the Virgin Islands entered a third general order responding to the COVID-19 pandemic ("CARES Act order"). In that order, the Chief Judge found that felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in this judicial district without seriously jeopardizing public health and safety. As such, the April 9, 2020 Order authorized the use of videoconferencing to conduct felony sentencings for a period of 90 days. The Chief Judge has extended the initial CARES Act order eight times, each for another 90-day period unless terminated earlier. The current order extends the authorization until June 28, 2022.

Upia-Frias asserts that he has been informed of his right to be physically present at his sentencing. He affirms that he "waives his right to be physically present after consulting with his counsel and consents to appear via video teleconference." (ECF No. 57 at 2.) He further represents that his "[c]ounsel has discussed this matter with the AUSA in charge of this case who has no objection and consents to proceeding in this matter via video teleconference." *Id.*

Upia-Frias argues that his sentencing cannot be further delayed without serious harm to the interests of justice because he has been detained since June 10, 2021, and "needs to be transferred to a correctional facility that will provide him with additional services and training opportunities." *Id.* at 3.

Moreover, the number of COVID-19 cases in the Virgin Islands has increased significantly in recent weeks. This increase has caused the Court to pause its resumption of normal operations. As such, it may be a significant time before the Court can safely resume in-person proceedings. In the meantime, the backlog of cases and hearings continues to rise. Given these circumstances, the Court concludes that the sentencing hearing in this matter cannot be further delayed without serious harm to the interests of justice. *See, e.g., United States v. Hernandez,* 2020 WL 2850222, at *3 (C.D. Cal. June 1, 2020) (concluding that the sentencing hearing could not be further delayed without serious harm to the interests of justice because delay "would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume"); *see also United States v. Ludvig* No. 3:18-cr-43, 2020 U.S. Dist. LEXIS 143827, at *5 (D.V.I. Aug. 11, 2020) (opining that continued delays in proceedings, and the backlog that results, undermines the Court's ability to manage its docket efficiently).

After careful consideration and review, it is hereby

**ORDERED** that Upia-Frias' motion, ECF No. 57, to appear at the sentencing hearing via videoconference is **GRANTED**; it is further

**ORDERED** that the sentencing hearing in this matter scheduled to commence at 10:00 a.m. on June 9, 2022, before Chief Judge Robert A. Molloy will take place via Microsoft Teams; it is further

**ORDERED** that an invitation for the Teams session will be provided to the parties and counsel of record by the Court; and it is further

**ORDERED** that the public and any individuals not actively participating in this hearing may access the audio of the videoconference proceedings in this matter by calling 1-888-251-2909 and entering access code 5157509#**.**

**Date:** June 3, 2022                    */s/ Robert A. Molloy*
                                          **ROBERT A. MOLLOY**
                                          **Chief Judge**